## LILES et al v. STATE OF ARKANSAS.

1. LIQUOR : *Evidence of selling.*

The having a government liquor license in one's house prior to the passage of the act of March 13, 1883, making the possession of such license *prima facie* evidence of a "blind tiger," was not evidence that the owner or occupant of the house was selling liquor.

APPEAL from *Washington* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

*Moore, Att'y Gen'l,* for the State.

There is no question of law in this case. The evidence, though not extremely lucid and perhaps somewhat contradictory, is sufficient to support the verdict.

SMITH, J. The appellants were convicted upon an indictment charging them with selling ardent and intoxicating spirits within three miles of the Arkansas Industrial University, contrary to the Act of March 6, 1875. Their motion for a new trial was denied. No ruling of the court below was complained of and the single question is, " Was there evidence to support the verdict ?"

Clements, the person to whom, as it is alleged, the liquor was sold, testified that he went to the business house of Liles in Fayetteville and there met Stirman, whom he told that he wanted some whiskey, at the same time producing a half-pint bottle and laying down twenty-five cents on the counter. Stirman replied " You go out and I will get you some." Witness then left, was gone about six minutes, returned and found his bottle full of whiskey on the counter, which he picked up and departed. Witness saw Liles in an adjoining room of the store, but had no conversation with him, and did not know that Liles had any connection with the transaction, nor from what place the whiskey came.

By another witness it was proved that Liles had an Internal Revenue license from the United States Government to sell whiskey at Fayetteville.

The defense produced a witness, who swore he was present when Clements applied to Stirman for the whiskey; that Stirman took the bottle and money and proceeded in company with witness to Driskell's and gave Driskell the bottle and the money and Driskell went into a back room with the bottle; that Stirman was not in the employ of Liles, but was working at a lumber yard near the depot. Another witness, who was also in Lile's store at the time, gave testimony to the same effect.

There is nothing here tending to connect Liles with the sale of the liquor, nor any proof which would justify an inference that Stirman was his agent in the matter. The only suspicious circumstance is his having license from the general government, but parties cannot be convicted of criminal offences upon a bare suspicion. After this sale is alleged to have taken place, the legislature on the 30th of March, 1883, enacted a law, making the finding of a United States liquor license in a house, under certain circumstances, *prima facie* evidence that the party owning or controlling the house, was keeping a "Blind Tiger." But that cannot affect this case.

The judgment against Stirman is affirmed; but as to Liles it is reversed and a new trial awarded.