## PEYTON v. STATE.

Opinion delivered May 27, 1907.

LIQUORS—"BLIND TIGER" ACT—EVIDENCE.—A conviction of selling liquor under the statute against the clandestine sales of liquor is not supported by a certificate of the United States collector of internal revenue that defendant's name appears on his list as having paid the special tax as a retail liquor dealer; the statute (Kirby's Digest, § 5144) providing that the finding by an officer upon premises being searched by him of "a United States license to sell liquors" shall be *prima facie* evidence of the guilt of the party owning or controlling the house.

Appeal from Boone Circuit Court; *B. B. Hudgins,* Judge; reversed.

*Pace & Pace,* for appellant.

1. The certificate of F. M. Tucker, collector, etc., was not admissible in evidence.   4 Ark. 613; 47 *Id.* 298; Kirby's Digest, § 3064; 55 Ark. 286; 57 *Id.* 153; 47 *Id.* 413.   Chap. 3509, p. 389, Vol. 1, U. S. Stat. at Large, 1905 and 1906, was not intended to have the effect of making the collector's list, or cer-tified copy thereof competent evidence.   Nor can it be' said to come within the provisions of § 5144 Kirby's Digest, the "Blind Tiger Act."

2. No evidence of a sale of intoxicating liquor.

3. The court erred in its charge to the jury.   Material allegations in the indictment must be proved.   62 Ark. 459; 30 *Id.* 131; 10 *Id.* 259; 64 *Id.* 188.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The evidence does not sustain a conviction.   No license was found at Peyton's Drug Store, the alleged place of illegal sale.   64 Ark. 188.

McCULLOCH, J.   Appellant was indicted and convicted un-der the "Blind Tiger" statute for the offense of selling liquor without license, and he appeals to this court from the judg-ment of conviction.   No proof was introduced tending to show that appellant sold liquors or was interested in the sale thereof, but the prosecuting attorney read to the jury as evidence in the case a certificate signed by the United States collector of inter-nal revenue for the district of Arkansas to the effect that the name of appellant appeared on his list as having paid in the special tax as a retail liquor dealer.   Appellant objected to the introduction of the certificate, and now assigns as error the ruling of the court in admitting it.

Counsel for appellant also insist that there is no evidence to sustain the verdict, and the Attorney General concedes that this assignment is well taken.

The court erred in permitting the certificate to be read in evidence.   There is no statute in this State making such a

certificate competent evidence of the facts therein recited, and it amounts to no more than an *ex parte* statement of the officer who makes the certificate. The mere issuance of internal revenue license, even if that fact had been established by competent evidence, was not sufficient to make out a *prima facie* case of unlawful sale of liquor.

The only statute relating to this subject is found in the "Blind Tiger" act of March 30, 1883, and reads as follows:

"Sec. 5143. Whenever any person shall file with any justice of the peace, or the mayor of any town or city, a statement, under oath, that he has reason to believe, and does believe, that the person named in the affidavit has violated any of the provisions of this act, it shall be the duty of the prosecuting attorney, or the attorney so appointed to represent him or the State, to file an information before said justice of the peace or mayor, who shall issue thereon a writ for the arrest of the person so charged and take him before the officer issuing such writ for trial.

"Sec. 5144. If the person making the affidavit shall state the house, the room or place in which he believes the things herein prohibited are sold or given away, the officer to whom the writ is delivered shall forthwith enter such house and the different rooms and apartments therein, whether open or closed, whether by day or night, and search for such spirits or liquors; and if any be found therein, or a United States license to sell such liquors, it shall be *prima facie* evidence of the guilt of the party owning or controlling the house; and if he find any person else in charge of such liquors, he shall arrest him also and bring him before the officer issuing the writ for trial." Kirby's Digest, § § 5143, 5144.

It will be observed that the statute only makes the finding of a United States license to sell liquor (meaning, of course, the special tax stamp issued by the authorities of the United States denoting the payment of special tax on the sale of liquor) in a house *prima facie* evidence of the guilt of the persons owning or controlling the house where it is found.

As we have already mentioned, there is no evidence in this case that appellant sold any liquor or kept any for sale. No liquor was found stored in his business house, except a supply of alcohol commonly used in his business as a druggist in com-

pounding medicines, and no United States revenue license or special tax stamp was found in the house. There was nothing whatever in the record tending to establish his guilt of selling liquor.

Reversed and remanded for new trial.