APPLING v. STATE.

Opinion delivered September 14, 1908.

LIQUORS—UNLAWFUL SALE—GOVERNMENT LICENSE AS EVIDENCE.—In a prosecution under the statute prohibiting the clandestine sale of intoxicating liquors, evidence that a United States license authorizing defendant to sell liquors was found elsewhere than upon the premises where the liquor is alleged to have been sold is competent to show that defendant kept liquor for sale, but raises no presumption to that effect.

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed.

*C. T. Wetherby,* for appellant.

The defendant having previously been convicted of running a "Blind Tiger" at a certain pool hall in Hartford, at which time at request of the prosecuting attorney he deposited his government license in the bank where the evidence shows it remained, it was error to admit his license as evidence in this case, and especially erroneous to charge the jury that such license was *prima facie* evidence of guilt. Kirby's Digest, § 5144; 102 S. W. 7.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellee.

The internal revenue license was properly admitted in evidence, there being no evidence that it had ever been cancelled, the same to go to the jury for what it was worth. True, the license itself was not *prima facie* evidence of the unlawful sale by defendant of intoxicating liquors without license and by means of a blind tiger, but the appellant, not having requested in instruction that it was not *prima facie* evidence of guilt, will not now be heard to complain of the court's instruction to that effect. 77 Ark. 143.

HILL, C. J. Lem Appling was proceeded against for the clandestine sale of liquor under sections 5140 *et seq.,* Kirby's Digest; and there was also a proceeding under section 5137 *et seq.* to search for liquors, and, if found, to destroy them. After trials in the justice's court, the cases were appealed to the circuit court. Appling was convicted by the jury, and the court ordered the liquors which had been found in his house destroyed.

The State introduced a United States internal revenue liquor license issued to Appling for the sale of liquors at Hartford, but it designated a different place for the sale than where the search was made. Defendant proved that in the preceding October he had been arrested and convicted for an illegal sale of liquor, and under an agreement with the prosecuting attorney, made in open court, he deposited the Government license in the Bank of Hartford, and that it was retained in said bank from that time until the time of the trial of this case. These proceedings were instituted in February following his former conviction in October.

The judgment of conviction of Appling will have to be reversed on acount of an instruction given by the court that the issuing of an United States internal revenue liquor license is *prima facie* evidence that defendant has sold liquor. Section 5144, Kirby's Digest, makes the finding of such a license on the premises occupied or controlled by the defendant *prima facie* evidence of a violation of the laws against the clandestine sale of liquors. This license was not found upon his premises, but was in the bank, and therefore the statute does not apply. It was held in *Liles* v. *State,* 43 Ark. 95, a case arising prior to the passage of the act making the possession of a license *prima facie* evidence of guilt, that the possession of it was not sufficient to sustain a conviction. And in *Peyton* v. *State,* 83 Ark. 102, it was said: "The mere issuance of internal revenue license, even if that fact had been established by competent evidence, was not sufficient to make out a *prima facie* case of unlawful sale of liquor."

The liquor was found upon the premises, and the court correctly instructed the jury that the finding of it there was *prima facie* evidence of guilt, under section 5141. But this is a presumption which can be rebutted by showing that the liquor was for private purposes, and not for sale, as provided under section 5146. The defendant adduced evidence which, if believed, would have been sufficient to have overcome this *prima facie* presumption of his guilt by reason of his having possession of the liquor; but there was no evidence to rebut the statement of the instruction by the court that the issuance of the license to him was *prima facie* evidence that he had sold liquor, and therefore

the conviction might well have been obtained upon that instruction, and if it is erroneous it was necessarily prejudicial. Evidence of the issuance of these licenses does not raise a presumption of guilt, unless made so by statute; but it is competent evidence for the purpose of showing what business the defendant is engaged in, or that he keeps liquors for sale, and generally on the question of intent. See 23 Cyc. 255. It was therefore competent evidence for the consideration of the jury, but, not being on the premises, was not made *prima facie* evidence by section 5144.

Other questions are raised, but it is not necessary to consider them, as the whole case goes back for new trial, and none of them which may arise again are fatal to the State's cause, and hence it is not necessary to discuss them.

For the error indicated, the judgment is reversed and the cause remanded for new trial.