## COLLINS *v.* STATE.

### Opinion delivered February 14, 1910.

1. LIQUORS—UNLAWFUL SALE—GOVERNMENT LICENSE AS EVIDENCE.—In a prosecution under Kirby's Digest, § 5140 *et seq.,* for violation of the "blind tiger" statute, evidence that defendant had a United States license or stamp tax is competent to show the purpose for which defendant kept liquor, but does not raise a presumption of guilt unless it is found on the premises owned or controlled by defendant. (Page 96.)

2. SAME—POSSESSION OF LIQUOR AS EVIDENCE OF GUILT.—Where defendant's premises were searched under a search warrant, the finding of liquors thereon, under Kirby's Digest, § 5144. is made *prima facie* evidence that he was engaged in the illegal sale of liquors. (Page 96.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Edwin Hiner,* for appellant.

1.  There was no proof of any fact at issue in this cause. Statements by defendant that she had a government license are not evidence at all. The law requires that such license be "*found*" on the premises.

2.  Bare *possession* of liquor is not *prima facie* evidence of guilt. 85 Ark. 102.

*Hal L. Norwood* Attorney General, and *W. H. Rector,* Assistant, for appellee.

1.  The admissions of a defendant are always admissible against him. It was competent to prove possession of a government license. Kirby's Digest, § 5144.

2.  The court properly charged the jury. A revenue license is *prima facie* evidence against the owner of the premises. 77 Ark. 143; 83 Ark. 102. See also 88 Ark. 393.

McCULLOCH, C. J. Appellant's premises in the city of Fort Smith were, in September, 1909, raided under a search warrant, issued under the "blind tiger" statute, and about two dozen bottles of beer were found in the house. The character of the premises is not disclosed in the record, further than by the statement of one of the witnesses that the beer was found in the ice box in the dining room.

In the trial of appellant in the circuit court for violation of the "blind tiger" statute, it was proved by the testimony of the raiding officers that the beer was found by them as indicated above, and that appellant admitted to them that she had a United States internal revenue license (so-called), or special tax stamp, denoting the payment of a special tax on liquor. The officers did not find the license or special tax stamp in the house, but testified that they asked appellant to produce it, and she declined to do so. This was all the testimony introduced which was material to the issue, and appellant rested her case without introducing any testimony. The court, among other instructions, gave one over appellant's objection telling the jury that "if the defendant had a government license that was in effect at that time, one that had not expired, that would be *prima facie* evidence against her." The jury returned a verdict of guilty, and judgment was entered accordingly; and appellant brings the case here for review.

The case is controlled by *Peyton* v. *State,* 83 Ark. 102, and *Appling* v. *State,* 88 Ark. 393. The mere issuance of a Federal stamp tax to one accused under the "blind tiger" statute of the clandestine sale of liquor does not make a *prima facie* case of guilt of a violation of the statute, as it reads that if the same "be found therein"—that is to say, if it be found in the raided premises—it makes a *prima facie* case of guilt. The having of such a license or tax receipt may be received in evidence as indicating the purpose for which the liquor was held; but its possession does not make out a *prima facie* case unless it is found on the premises owned or controlled by the accused. *Appling* v. *State, supra.*

The court therefore erred in instructing the jury that if the defendant had a government license it would be *prima facie* evidence against her. An instruction as to a *prima facie* case by reason of the Federal tax stamp would have been improper in this case, for there is no evidence that any such stamp was found. The most that the evidence established is that she had a stamp. There was enough evidence to go to the jury on the *prima facie* case established by reason of the finding of the liquor on the premises, but the jury may, under the circumstances, have believed that she kept the liquor for private use and not for sale, and the *prima facie* case in that respect might have been overcome. The instruction was therefore prejudicial.

Reversed and remanded for new trial.