## SEIBERT *v*. STATE.

## Opinion delivered December 6, 1915.

1. LIQUOR—ILLEGAL SALE OF—INDICTMENT AND PROOF—VARIANCE.—An indictment charged that defendant "did unlawfully sell and give away, and was unlawfully interested in the sale and giving away of * * * intoxicating liquors * * *." The proof showed that one B. drank two glasses of grape wine sold by defendant, which went immediately to his head. *Held*, there was no variance between the indictment and the proof; the indictment alleges that the liquor sold was an intoxicating drink, and if this was true, it would make no difference what its name was.

2. LIQUOR—ILLEGAL SALE OF—CROSS-EXAMINATION—FEDERAL LICENSE.— In a prosecution for the illegal sale of liquor, it is proper for the prosecuting attorney, on cross-examination, to ask the defendant if he had a Federal license.

3. LIQUOR—ILLEGAL SALE—EVIDENCE OF SIMILAR OFFENSES.—In a prosecution for the illegal sale of intoxicating liquor, it is proper for the prosecuting attorney to ask the defendant on cross-examination if he had not been convicted on former occasions of illegally selling whiskey.

4. LIQUOR—ILLEGAL SALE—INSTRUCTION.—Under an indictment charging defendant with the unlawful sale of ardent, vinous, malt, fermented, spirituous, alcoholic and intoxicating liquors, an instruction is proper that if the jury believe beyond a reasonable doubt that "defendant sold any of the liquors mentioned in the indictment, * * * and that such liquors were intoxicating, or that any of such liquors contained any alcohol, although it was not intoxicating, you will find the defendant guilty * * *."

5. LIQUOR—ILLEGAL SALE—BEVERAGE.—In a prosecution for the illegal sale of liquor as set out above, a charge to the jury was proper which said: "If you find that any of these liquors sold by defendant were intoxicating, it is immaterial whether they were used and drunk as a beverage. On the other hand, if you find that he sold any of the liquors mentioned in this indictment, and that they were used or drunk as a beverage, it is immaterial whether they were intoxicating or not, if they contained alcohol."

Appeal from Lafayette Circuit Court; *George R. Haynie*, Judge; affirmed.

*Allen H. Hamiter*, for appellant.

1. The verdict is contrary to law. The testimony is conflicting and irreconcilable and there is a variance of proof. 23 Cyc. 253. It is not unlawful to sell liquor

containing 1½ per cent. alcohol or less. 36 Ark. 258, 69 Ark. 360; 63 S. W. 801; 23 Cyc. 57, 246, 265, 283; 35 Ark. 430. It was not proven that the liquor was "intoxicating." 23 Cyc. 283; 68 Ark. 468; 69 *Id.* 360; 63 S. W. 801.

2. It was error to allow the prosecuting attorney to ask if he had not been convicted before and if he did not have U. S. license. 67 Ark. 112.

3. The indictment is bad.

*Wallace Davis,* Attorney General and *John P. Streepey,* Assistant, for appellee.

1. There is no variance. He was charged with selling *ardent, vinous,* etc., and intoxicating liquor. The proof shows that he sold wine and that it was intoxicating.

2. There is no error in the instructions. 76 Ark. 562; 77 *Id.* 441.

3. The questions asked by the prosecuting attorney were not improper, nor prejudicial.

SMITH, J. Appellant was convicted under an indictment which charged that he "did unlawfully sell and give away and was unlawfully interested in the sale and giving away of ardent, vinous, malt, fermented, spirituous, alcoholic and intoxicating liquors, without first procuring a license from the county court of said county of Lafayette authorizing him so to do."

(1) The State relied for a conviction upon the evidence of one G. P. Baker. who testified that he drank two glasses of the liquor sold by appellant; that it was a grape wine; and that the two glasses of it which he drank went immediately to his head, and that he could not have gotten home had he drunk two more glasses.

It is insisted that there is a variance between the proof and the allegations of the indictment. But such is not the case. The indictment alleges the liquor sold was an intoxicating drink, and if this was true it would make no difference what its name was.

(2-3) Appellant complains because the prosecuting attorney was permitted to ask him on his cross-examination if he had not been convicted before for selling whiskey, and if he did not have United States revenue license. He denied having United States revenue license, but ad-

mitted that he had plead guilty upon five charges of selling liquor illegally at the previous term of court, and within the last twelve months had also plead guilty in the Mayor's court upon the same charge.

This was a proper subject for cross-examination, especially in view of the fact that appellant denied that the beverage sold by him was intoxicating. No attempt was made other than by the cross-examination of appellant to show that he had a revenue license, and as he denied having such license no prejudice could have arisen from the question. However, it would have been proper to show that appellant had such license if such had been the fact.

(4) Over appellant's objection the court instructed the jury as follows:

"If you believe from the testimony in this case, gentlemen, beyond a reasonable doubt that this defendant sold any of the liquors mentioned in this indictment the court has just read, and that such liquors were intoxicating, or that any of such liquors contained any alcohol, although it was not intoxicating, you will find the defendant guilty under the statute."

Appellant objected to this instruction upon the ground that the wine sold did not contain more than 1½ per cent. of alcohol. But there was no proof to this effect. Besides, this would have been no defense had it been true, as the instruction correctly declared the law as it had been previously announced by this court in the case of *Bradshaw* v. *State,* 76 Ark. 562.

(5) Exceptions were also saved to the following instruction:

"If you find that any of these liquors sold by defendant were intoxicating, it is immaterial whether they were used and drunk as a beverage. On the other hand, if you find that he sold any of the liquors mentioned in this indictment, and that they were used and drunk as a beverage, it is immaterial whether they were intoxicating or not, if they contained alcohol."

No error was committed in giving this instruction. *Stelle* v. *State,* 77 Ark. 441, and cases there cited. *Bradshaw* v. *State, supra.*

It is chiefly insisted that the evidence is insufficient to support the verdict; that other witnesses swore they drank from the same "jug-bottle" (as the witnesses called it) from which Mr. Baker drank, and that the liquor was not intoxicating. This question of fact, however, has been passed upon by the jury adversely to appellant's contention.

Finding no error the judgment is affirmed.