WIMBERLY *v.* STATE.

4548                                    218 S. W. 2d 730

Opinion delivered March 28, 1949.

*J. F. Quillin* and *Shaw & Spencer,* for appellant.

*Ike Murry,* Attorney General and *Jeff Duty,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. The appellant was indicted for selling intoxicating liquor in dry territory. A jury found him guilty and fixed his punishment at a fine of $50 and a jail sentence of 35 days. This appeal is prosecuted to reverse the judgment entered on the jury's verdict.

Appellant elected to act as his own counsel during the trial, but, after his conviction, employed attorneys who filed a motion for new trial containing 11 assignments of error. It is first argued that the trial court erred in ordering a second trial of appellant on the day following a mistrial when the first jury failed to agree upon a verdict. Appellant says jurors sitting in the second trial were selected from the same panel as the first and were present, or could have been present, and heard the first trial; and that his conviction was, therefore, by a biased and partial jury. There is nothing in the record to indicate a prior trial of appellant nor was any objection to the proceedings made on this ground.

The objection is raised for the first time in the motion for new trial and may not now be considered. Moreover, the court is authorized by Ark. Stats. (1947), § 43-2141, to retry a defendant at the same term of court where a mistrial results from the failure of the first jury to agree upon a verdict.

It is next contended that the evidence is insufficient to sustain the verdict. The testimony tends to establish the following facts. Appellant owns and operates a taxi business in the City of Mena, Arkansas. The taxi stand is located in a building leased and controlled by appellant. On April 9, 1948, a Mena police officer observed Litt Abernathy enter the taxi stand carrying a "greenback bill of some kind". Shortly thereafter Abernathy came out of the taxi stand with a pint of whiskey in one hand and several pieces of currency in the other. He was immediately apprehended by the officer and later appeared as a witness before the grand jury that indicted appellant, but was out of the state at the time of the trial. On cross-examination by appellant the officer testified that Abernathy first denied buying the whiskey and later stated that he bought it in the taxi stand.

In response to questions propounded by appellant, the chief of police of Mena testified that Abernathy stated to the officers that he bought the whiskey from a man who was employed by appellant in the operation of the taxi stand. The sheriff, a former sheriff and a city policeman testified that appellant's reputation for engaging in the illicit sale of liquor was bad. A former member of the State Police Commission testified that appellant called him on the telephone about three weeks before the trial and requested that witness have a certain member of the state police transferred from Mena because the latter was interferring with appellant's "whiskey racket".

The State also introduced in evidence a letter from the federal Collector of Internal Revenue to the prosecuting attorney certifying a record of the issuance of a federal license to appellant as a retail liquor dealer in July, 1947. No objections were made or exceptions

saved to any of the evidence by either the appellant or the State.

Appellant argues that the foregoing evidence is void of direct or positive proof of his guilt. This may be true, but it is as competent for a jury to convict on circumstantial evidence as upon positive testimony, and there is no difference in the effect between circumstantial evidence and direct evidence. *Scott* v. *State,* 180 Ark. 408, 21 S. W. 2d 186.

It is also immaterial whether the illegal sale was made by appellant or by his employee, while acting within the scope of his general employment as the operator of the taxi stand for his master. The owner or proprietor of a business is responsible for the illegal sale of liquor made by his servant or agent within the scope of his general employment, and circumstantial evidence is competent to establish the fact of agency. *Bell* v. *State,* 93 Ark. 600, 125 S. W. 1020. The jury was warranted in concluding from the evidence that the illegal sale was made by appellant's servant with the knowledge and consent of appellant and for the purpose of furthering the illicit liquor business which appellant was conducting in connection with the operation of his taxi business. While the evidence is circumstantial, it is substantial and sufficient to establish guilt when considered in the light most favorable to the State.

Appellant also contends that error was committed in the admission of the statements attributed to Abernathy and the introduction of the certificate of the Collector of Internal Revenue. Most of the hearsay statements of Abernathy were brought out by appellant, apparently on the mistaken theory that he could absolve himself from guilt by showing that the sale was made by his employee. As previously indicated, no objections were made to any of the evidence. We have frequently held that the admission of incompetent evidence to which no objection is made does not constitute reversible error. *Warren* v. *State,* 103 Ark. 165, 146 S. W. 477, Ann. Cas. 1914B, 698; *Vaden* v. *State,* 174 Ark. 950, 298 S. W. 323. This rule is also applied where a defendant, charged with

the commission of a felony, elects to conduct his own defense. In *Williams* v. *State,* 153 Ark. 289, 239 S. W. 1065, the court said: ''The Constitution gives one accused of crime the right to appear by himself and his counsel; but the services of an attorney cannot be forced upon him. Art. 2, § 10, Const. 1874. He has the right, if he so elects, to conduct his own defense, but he does not thereby become absolved from the duty of observing the rules of practice designed to promote the orderly administration of the law. Appellant should therefore have made objection to such rulings of the court below as he cared to have reviewed by this court, and, as he made no objection to anything that occurred at his trial, there is presented for our review only such questions as can be raised without objection first being made in the court below.'' We have also held that no duty is imposed on the trial court to appoint counsel for a defendant charged with a misdemeanor. *Kirkwood* v. *State,* 199 Ark. 879, 136 S. W. 2d 174.

It is finally contended that error was committed in the giving of Instruction No. 3½ requested by the State. This instruction is in the language of the following provision of Ark. Stats. (1947), § 48-811: ''The possession of a United States special tax stamp (commonly called United States license) for carrying on the business of a retail dealer in spirituous, vinous or malt liquors, or the having of such tax stamp, or permit issued by Commissioner of Revenues or license at the place of business in such territory shall be *prima facie* evidence of guilt under this section.'' The instruction was objected to on the ground that there was no evidence that appellant possessed a federal license to sell liquor.

Appellant argues that the certificate of the revenue collector was inadmissible and that the giving of Instruction No. 3½ based thereon was, therefore, erroneous. He relies on the case of *Peyton* v. *State,* 83 Ark. 102, 102 S. W. 1110. That case involved a prosecution under the ''Blind Tiger'' statute (Ark. Stats., (1947), § 48-1003) which makes the finding of the federal license to sell liquor in a house or place *prima facie* evidence of the guilt of the person owning or controlling the premises.

The defendant duly objected to the introduction of the certificate of the Internal Revenue Collector in the Peyton case, and there was no proof of the finding of the license on the premises as required by the "Blind Tiger" statute. There was no objection to the introduction of the certificate in the instant case, and § 48-811, *supra,* provides that possession of the license by the defendant shall be *prima facie* evidence of guilt.

Statutes similar to § 48-811, *supra,* have been held valid and constitutional in many states on the ground that the issuance or possession of a federal license to one to conduct business as a liquor dealer reasonably tends to show that the person obtaining such license or permit is engaged in the sale of liquor. 30 Am. Jur., Intoxicating Liquors, § 417. It is a matter of common knowledge that one does not ordinarily procure at considerable expense a license or permit to do a particular thing without any design or intent to do the act for which such permit is to be used. It is undisputed that the annual permit was issued to appellant in July, 1947, and he offered no proof to rebut the *prima facie* presumption arising under the statute. Possession is a fact continuous in its nature and, when its existence is once shown, is presumed to continue until the contrary is proved. 20 Am. Jur., Evidence, § 208. When the issuance of the federal license to appellant is considered in connection with the other facts and circumstances in the case at bar, we hold it sufficient to warrant a reasonable inference by the jury that appellant possessed the license at the time of the alleged illegal sale in April, 1948; and that the giving of Instruction No. 3½ did not result in error prejudicial to appellant.

Affirmed.

GEORGE ROSE SMITH, J., dissenting. The statute permits the jury to draw an inference of guilt from the fact that the accused possesses a federal license. The majority extend the statute by permitting an inference of possession to be drawn in turn from the fact that a license was issued nine months earlier. The building of inference upon inference has often been disfavored, as in

*Moran* v. *State,* 179 Ark. 3, 13 S. W. 2d 828, although it should be allowed whenever the probable truth of the deduction from the fact proved is sufficient to satisfy the burden of proof required in the particular case. See Wigmore on Evidence (3d Ed.), § 41. I hardly think that the issuance of a license in July shows beyond a reasonable doubt that the recipient still possesses it nine months later. We have often said that circumstantial evidence of guilt must exclude every other reasonable hypothesis. Here the license may have been surrendered or canceled; the appellant may even have destroyed it in a moment of contrition. I do not consider the State's proof to have been strong enough to bring the case within the statute, which is to be strictly construed; so I think the giving of the instruction was error,

ROBINS, J., concurs in this dissent.