PARKER, COMMISSIONER OF REVENUES v. MARSH.

4-9925                                      252 S. W. 2d 624

Opinion delivered November 24, 1952.

---

[5] See § 27-1121, Ark. Stats., and cases cited in the Annotation to it.
[6] Sec. 37-222, Ark. Stats.

230

*O. T. Ward,* for appellant.

*Wendell Utley,* for appellee.

ROBINSON, J. The Commissioner of Revenues for the State of Arkansas filed suit, alleging: "That the defendant, George D. Marsh, is indebted to the State of Arkansas for tax on alcoholic beverages purchased in the State of Louisiana and brought into the State of Arkansas for sale or consumption from the date of March 13, 1950, to September 8, 1950, in the total sum of $4,437." It is also alleged that, according to the provisions of § 84-1734, Ark. Stats., the defendant is liable for three times the amount of the taxes said to have been avoided. There was a directed verdict for the defendant, and the commissioner has appealed.

It was stipulated between the parties that copies of transportation permits issued by the Revenue Department of the State of Louisiana to the defendant could be used as evidence in behalf of the plaintiff. These permits, numbering about eighty-four, were accordingly introduced in evidence. The plaintiff then attempted to show that the defendant had been convicted for selling liquor in Columbia County and that he had the reputation of illegally dealing in liquor. The defendant's objection to the introduction of this testimony was sustained. To support his contention that this evidence was admissible, appellant relies on Ark. Stats., § 48-940, which provides: "In any prosecution or proceeding for any violation of this act, the general reputation of de-

fendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants." This is a part of Act 108 of the Acts of 1935; and it is clear from the act, as a whole, that the above quoted section applies to criminal prosecutions and not civil suits.

Next, appellant offered to introduce evidence to the effect that the defendant was a holder of a federal tax stamp and, further, that he had admitted to Mr. Merrick, a Federal Alcoholic Control Agent, that he was transporting whiskey from the State of Louisiana into the State of Arkansas, but that all the whiskey bore a federal stamp. The court sustained the objection to introduction of this testimony. This evidence should have been admitted. The fact that the defendant had a federal license to sell liquor in Arkansas was a circumstance tending to prove the allegations in the complaint. Where one obtains a federal license to sell whiskey, it is reasonable to infer that he is engaged in such business and that he will, therefore, obtain and sell liquor. In *Appling* v. *State,* 88 Ark. 393, 114 S. W. 927, this court, in speaking of a similar situation, said: "Evidence of the issuance of this license does not raise a presumption of guilt, unless made so by statute; but it is competent evidence for the purpose of showing what business the defendant is engaged in, or that he keeps liquor for sale, and generally on the question of intent." This ruling was followed in *Seibert* v. *State,* 121 Ark. 258, 180 S. W. 990, and in *Collins* v. *State,* 94 Ark. 94, 125 S. W. 647. Although the evidence is circumstantial, it is no less admissible. "Moreover, circumstantial testimony is legal and proper, and when properly connected, furnishes a substantial basis and support for a jury's verdict." *Dowell* v. *State,* 191 Ark. 311, 86 S. W. 2d 23.

The evidence as to the statement of the defendant to the federal agent, Merrick, about bringing whiskey into Arkansas was admissible as an admission. "Admissions and declarations are admissible where they tend to prove the principle or ultimate fact in issue and where

they are directed to the establishment of pertinent evidentiary facts. It is clear, moreover, that admissions of a party which are relevant to the issues are admissible, notwithstanding the transaction to which they refer, or out of which they arose, is itself not related to the issue before the court." 20 Am. Jur. 461. If the evidence as to the federal license, and the admission of the defendant, had been admitted in evidence, the plaintiff would have made a sufficient case to go to the jury.

With reference to appellant's contention that Ark. Stats., § 84-1734, is authority for assessing three times the amount of the taxes avoided, the section of the statute in question, among other things, provides: "Any person, firm or corporation so convicted shall, as a part of the penalty of such conviction, pay to the state a sum equal to three times the amount of taxes avoided." The section mentioned applies to convictions in criminal trials and not civil cases.

Reversed and remanded for new trial.