WALKER *v.* STATE.

4838                                            290 S. W. 2d 850

Opinion delivered June 4, 1956.

No brief for appellant.

*Tom Gentry*, Attorney General, *Paul C. Rawlings*, Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. Appellant, Tommy Loyd Walker, was charged by information with the crimes of burglary and grand larceny. Upon trial the jury returned a verdict of guilty of burglary and petit larceny, fixing his punishment at 3 years imprisonment in the penitentiary for burglary, and one day in jail and a $10.00 fine for petit larceny.

Upon appeal appellant has furnished no brief, but from the abstract furnished by the State we find in the Motion for a New Trial several assignments of error. These assignments will be considered under 6 separate heads.

1.  Appellant's contention that the evidence is not sufficient to support the verdicts of the jury is without merit. Some time in May 1955 Kenneth Manker reported to the Sheriff of Cleburne County that his house had been burglarized. It was conclusively shown that a number of items, including quilts, bedspreads, radio, money, silverware and cooking utensils were missing from his

home. Many of these items were located at the home of Elmer Lawson who was an uncle of appellant, where Manker identified and recovered several of the items. Appellant admitted to the Sheriff, the Deputy Sheriff, and the Marshal of Heber Springs that he entered the Manker house through a window and removed the merchandise to the home of his uncle, Elmer Lawson. The officers located the radio on a creek bank where Walker said he had burned it for fear of being caught. Among the items missing from the Manker home were several silver dollars and 15 or 16 dollars in pennies. A merchant in Heber Springs stated that about the time of the burglary appellant brought to his store several silver dollars and a large number of pennies. The incident was so unique that the merchant, at the time, stated to appellant that he must have robbed some child's bank. The above, together with other testimony which it is unnecessary to set out, fully supported the jury's verdicts.

2. Appellant contends that, on the *voir dire* examination of the prospective jurors, the court erred in refusing to allow him to ask the jurors if they would vote for an acquittal if the State failed in proving beyond a reasonable doubt every material allegation set out in the information. No reversible error is shown for the reason that the record fails to disclose any objection at the time. Also when the court's attention was later called to this incident the jury was told, without objection, that the burden was on the State to prove every essential of the crime charged in the information.

3. It is insisted that the court erred in permitting the prosecuting attorney, in his opening statement to the jury, to say that the defendant took money, since the information does not state that money was taken. We see no error in this because, during the trial, two witnesses testified without objection concerning the money, and this testimony was also competent under the circumstances. The money was only one of the several items which appellant is shown to have taken from Manker's home. See *Childs* v. *State*, 98 Ark. 430, 136 S. W.

285; *Stapleton* v. *State,* 97 S. W. 296 (noted but not reported in 80 Ark. 617) and *Banks* v. *State,* 187 Ark. 962, 63 S. W. 2d 518.

4. Tom Hensley, deputy marshal, who found the missing items in the home of Elmer Lawson testified that no one present, including appellant, denied that the property belonged to Manker. Appellant objected to this testimony with reference to appellant. This did not constitute error because it was shown that appellant was present part of the time. Also, other testimony conclusively showed that the items belonged to Manker.

5. Appellant also objects to the court allowing the merchant to testify that appellant brought the silver dollars and pennies to his store. This testimony was competent as it tended to show appellant's connection with the crime. *Ward* v. *Young,* 42 Ark. 542.

6. Finally, appellant objects to the court's action in refusing to give three instructions requested by him. We have examined the record and these instructions were covered by other instructions given by the court. Moreover no objection was made to the court's refusal to give the requested instructions, and therefore there is nothing presented for our consideration. See *Wimberly* v. *State,* 214 Ark. 930, 218 S. W. 2d 730.

Affirmed.