KIRKWOOD v. STATE.

4154                                    136 S. W. 2d 174

Opinion delivered January 29, 1940.

*Gordon Armitage,* for appellant.

*Jack Holt, Attorney General* and *Jno. P. Streepey, Asst. Atty. General,* for appellee.

McHANEY, J. On September 20, 1939, appellant was charged by information with the crime of gambling, committed by operating a gaming device—a slot machine. Court being in session, a bench warrant was issued and he was arrested. The record shows that at 1 p. m. of that date his case was called in court, where he appeared in person and announced that he was not ready for trial; the court advised him the case would be called at 8 a. m. the next morning. At 9 a. m., September 21, his case was called for trial and he again was not ready. He stated that he wanted to get an attorney from Searcy and had just had a subpoena issued for his witnesses. The court held that he had not used diligence, and the case went to trial, resulting in a verdict of guilty and assessing a fine of $500 and sixty days in jail, on which judgment was entered.

If appellant objected to being forced into trial before he had an opportunity to employ counsel, or if he filed a motion for a continuance because of the absence of his witnesses, the record does not show it. He had from the time he was arrested on the preceding day to 9 a. m. to employ counsel and have subpoenas for his witnesses. This being a misdemeanor charge, there was no duty on the court to appoint him counsel. Section 3877, Pope's Digest. And he showed no diligence in getting witnesses, even had he filed a motion for continuance on that account.

All the other questions raised by appellant, except the sufficiency of the evidence to support the verdict, are not open to question by him, because not reflected by the bill of exceptions and are raised for the first time in his motion for a new trial. He did file a motion for an order *nunc pro tunc,* but it does not appear that it was presented to or ruled on by the court.

The sufficiency of the evidence cannot be doubted. It is not in dispute. He offered no witness and did not testify for himself. Three witnesses testify for the state,

that they had been in appellant's road house, saw a slot machine therein in operation, and one said the machine he saw was a kind of gambling device, where you put money in, pulled a crank and got money out, if you were lucky. This was amply sufficient.

Affirmed.