Argued May 4, affirmed September 8, petition for rehearing
denied November 23, 1965

## STATE OF OREGON *v.* BLANK

405 P. 2d 373

*H. B. Johnson,* Baker, argued the cause and filed
a brief for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

The defendant was convicted of assault and battery and appeals upon the grounds that his motion for a continuance to obtain funds to secure counsel or to otherwise obtain counsel was erroneously denied; that the court did not offer him satisfactory court-appointed counsel; and that the court required him to go to trial without counsel.

A defendant has a constitutional right to be represented by counsel, and an indigent defendant has a right to have counsel appointed by the court. The state is willing to concede that the appointment of counsel is required in the case of a misdemeanor. For the purposes of this case we will assume that this is correct.

Defendant represented to the court that he was indigent and a Baker attorney was appointed his counsel. On November 27, 1963, the defendant pleaded not guilty and December 11th was fixed as the trial date. On December 9th his attorney presented a motion, supported by an affidavit signed by defendant, asking for a postponement of the trial and for the discharge of the court-appointed counsel. The affidavit recited that the defendant had a logging contract which he could not complete in time if he had to prepare and be at the trial of his case on December 11th; that the contract would be performed fully by Janu-

ary 10th; and that at the completion of the contract he would be paid and be able to hire counsel.

At the hearing on the motion, defendant's attorney told the court that Blank told him that when he got some money he would come back to talk to him and he told Blank that he would be willing to represent him. The state opposed the motion to postpone. The court was reluctant to postpone the case and inquired about trial on December 31st or January 3rd, but counsel pointed out defendant's sworn statement that he would not be through with the contract until January 10th and would have no money to hire counsel until such time. The court stated: "I will allow a postponement only on the condition that we have a fixed date arrived at today." January 20th was fixed and defendant's attorney stated: "January 20th will be fine." An order was entered that date postponing the trial until January 20th and relieving the court-appointed attorney. This attorney immediately notified the defendant of the new trial date and the necessity of getting an attorney in time to prepare for the trial.

The chronology from this time on is uncertain. The most likely sequence is that in the first week of January, Blank talked to his former court-appointed attorney and as a result believed that such attorney was under certain restrictions which would not permit him to defend Blank as Blank thought he should be defended. The attorney stated that he told Blank it would be a difficult case to defend and certain evidence Blank wanted introduced was irrelevant. Under these circumstances defendant called an attorney in La Grande and asked him to represent him. This attorney agreed to represent Blank upon payment of $150 retainer, which Blank agreed to pay as soon as

he was paid for logging, which he stated he expected to be between January 10th and 15th. However, the La Grande attorney told Blank he already had a trial set for the 20th and he could not represent him if the trial date could not be postponed.

By letter dated January 7th the La Grande attorney wrote the Baker attorney about Blank's call and inquired if he was still representing him and if any fees were owed. He also stated he could not try the case on January 20th and could not represent Blank on that date and if Blank retained him he would ask for a postponement. A copy was sent to the trial court, which immediately replied: "One postponement has already been granted to the defendant. No further postponement applications are likely to be favorably considered."

Blank never did complete the logging contract. However, on January 16th Blank received about a $350 payment for his work. He paid bills with this and went to La Grande with only $50 left for his attorney. It then appears that the La Grande attorney said he wanted the agreed upon $150 to represent him but he would file a motion for postponement. The attorney attempted to call the court but was not successful. He intended to call or file a motion later, but other events caused him to forget until Sunday evening, the 19th, when he had no stenographic help to prepare a motion. In addition, he stated that the fact that he had not been paid the agreed retainer and that the court had indicated it would not look with favor upon a motion for continuance, caused him not to file the motion or otherwise ask for a continuance. .

When the case came on for trial on January 20th, the defendant told the court he had no counsel. The

defendant related to the court the facts stated above as his reason for having no counsel. The court told the defendant it would reappoint his former court-appointed attorney. The defendant asked to call his La Grande attorney and the court gave him 30 minutes. He returned, saying he tried several Baker attorneys but could get no one. The court reappointed the Baker attorney who had been the initially-appointed counsel. Defendant rejected him yet stated he was not qualified to defend himself. Trial was held at that time and the jury found defendant guilty.

The facts and the opinion in *Ungar v. Sarafite,* 376 US 575, 588, 84 S Ct 841, 11 L ed2d 921, reh den 377 US 925, 84 S Ct 1218, 12 L ed2d 217 (1964), are in point. The petitioner was a lawyer who testified in a criminal case. After the case was completed petitioner was served on Thursday with order to show cause why he should not be held in contempt for his conduct as a witness. The hearing was set for the following Tuesday at 10:00. Ungar, the petitioner, appeared on Tuesday with counsel. Two short continuances were granted to allow another attorney to appear for Ungar. When his attorney appeared he stated that he had just been contacted on Saturday; he was trying another case; he needed a week's delay; and requested one week's continuance. The request was denied. This attorney withdrew and Ungar asked for a few hours' continuance to get expert testimony about his mental condition. He claimed a snowstorm had prevented his consulting with his attorney Saturday and Sunday. This was denied. The hearing was then held with Ungar representing himself. The Court held: "Given the deference necessarily due a state trial judge in regard to the denial or granting of continuances, we cannot say these denials denied Ungar

due process of law." (376 US at 591). *State v. Nelson,* 162 Or 430, 444, 92 P2d 182 (1939), is generally in accord.

In framing the issue the Court said:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. * * * There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. * * *" (376 US at 589)[1]

In this case, on December 9th, when the postponement was granted, Blank's then counsel informed him of the necessity of obtaining an attorney in ample time for preparation in order that they could be ready on January 20th. Instead, Blank attempted to retain an attorney whom Blank knew could not be present upon the 20th. This attorney, and through him Blank, were informed by the court that further postponements probably would not be granted. Further, this new attorney agreed to represent Blank only upon being paid $150. Blank chose instead to spend most of his funds in payment of other obligations and, therefore, was not able to perform the condition necessary to secure the attorney's representation. Even though this attorney did represent, despite Blank's failure to fully pay him, that he would attempt to obtain a postponement, one reason such attorney gave for not pur-

---

[1] Cases holding there was a violation of the accused's right to counsel are Lee v. United States, 235 F2d 219 (DC Cir 1956); and Releford v. United States, 288 F2d 298 (9th Cir 1961).

suing this diligently was Blank's failure to pay the requested fee.

Blank was not obligated to accept the court-appointed attorney. However, no other attorney in Baker was acquainted with the facts and could adequately represent Blank on the 20th. Under the circumstances, this former attorney was the only attorney the court could provide that could on such short notice possibly reasonably represent defendant.

The one excuse that Blank has is that his La Grande attorney told him the night of the 16th that he would ask for a postponement from January 20th, which he did not do. It appears likely that the court would have denied such request and Blank would have been no better off than he was with no request being made. The trial court had stated that it was not likely to consider favorably any further applications for postponement. We will not reach the conclusion that there was an arbitrary exercise of discretion by an assumption that if the La Grande attorney had requested a postponement it would have been granted.

■ We hold that the trial court did not abuse its discretion in ruling as it did. The trial court gave defendant a reasonable opportunity to be represented by counsel. The trial court reasonably could have concluded that defendant did not conscientiously attempt to secure counsel for the trial date set by the court and thereby lost his right to representation by counsel other than by the attorney selected by the court.[2]

Affirmed.

---

[2] The last assignment of error is found to be without merit. State v. Montgomery, 237 Or 593, 392 P2d 642 (1964).