WINTERS *v*. BECK.

5176                                    397 S. W. 2d 364

[Rehearing denied January 24, 1966.]

*John W. Walker,* for appellant.

*John T. Jernigan,* for appellee.

SAM ROBINSON, Associate Justice. On the 13th day of May, 1965, petitioner, Robert Winters, was convicted in the Little Rock Municipal Court of immorality, a misdemeanor under the provisions of Little Rock Ordinance 25-121. His punishment was fixed at 30 days in jail and a fine of $254.00, which included the costs. He has filed a petition for a writ of Habeas Corpus, or alternatively for a Writ of Error Coram Nobis. He alleges that he is indigent and did not have benefit of counsel at his trial in the Municipal Court. He also states that he has sought conviction relief, to no avail, in both the Little Rock Municipal Court and in the Pulaski Circuit Court.

In his petition here, petitioner alleges that his constitutional rights were violated because no lawyer was appointed to defend him on the misdemeanor charge in Little Rock Municipal Court. When his case was called for trial, he did not indicate that he wanted an attorney and he did not ask that the case be continued. We have held that no duty is imposed upon the trial court to appoint counsel for a defendant charged with a misdemeanor. *Kirkwood* v. *State,* 199 Ark. 879, 136 S. W. 2d 174; *Wimberly* v. *State.* 214 Ark. 930, 218 S. W. 2d 730.

1152

On the strength of Ark. Stat. Ann. § 43-1203 (Repl. 1964), the courts of this State have always appointed attorneys to represent indigent defendants in felony cases. Thousands of misdemeanor cases are tried in the Municipal Courts of Pulaski County annually. In most of these cases the defendants are not represented by counsel. But petitioner contends that on the strength of *Gideon* v. *Wainwright,* 372 U. S. 335, it is now the duty of the courts to appoint attorneys for indigents in misdemeanor cases. We do not so construe *Wainwright.* There, the court was dealing with a felony case where the defendant had been sentenced to five years in the penitentiary. Here, the petitioner, Winters, had 30 days to take an appeal to the Circuit Court. He did not appeal, although the procedure for appealing from the Municipal Court is very simple. The services of an attorney are not required at all.

Petition denied.