Argued January 4, reversed and remanded March 16, 1966

# GEBHART *v.* GLADDEN

412 P. 2d 29

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed briefs for appellant.

*Jack B. Schwartz,* Portland, argued the cause and filed a brief for appellant as amicus curiae.

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

Petitioner Gebhart appeals from a judgment of dismissal following an order sustaining a demurrer to his amended petition for post-conviction relief. The petition alleges that on May 5, 1964, Gebhart pleaded guilty in the circuit court for Linn county to a charge of burglary. Imposition of sentence was suspended and he was granted probation. On August 11, 1964, upon hearing before the circuit court, his probation was revoked and he was thereupon sentenced to three years in the Oregon State Penitentiary.

The petition sets out two causes of action. The first recites that, between the time he was placed on probation and the time of revocation, he was tried in district court and found guilty of a misdemeanor. This cause of action further alleges that at the time

of the misdemeanor proceedings he was indigent, was not advised of his right to counsel, did not know of his right to counsel, and was not furnished counsel. The concluding factual allegation is "that the revocation was based solely on the petitioner's conviction in the district court."[1] The substance of Gebhart's contentions with regard to this cause of action is that a defendant in a misdemeanor case has the same right to counsel as the defendant in a felony case and that the misdemeanor conviction being a nullity for lack of counsel, there was no basis for revocation of probation.

His second cause of action states that in the circuit court hearing resulting in revocation and sentencing, he was not represented by counsel, was not advised of his right to court appointed counsel as an indigent, and in fact did not know of his right to counsel—that therefore the proceedings and the resultant penitentiary sentence were unconstitutional and void.

ORS 137.510,[2] which authorizes courts to place persons convicted of crimes on probation, provides that the court may

(1) suspend the imposition of sentence and place the defendant on probation, or

---

[1] The order of the circuit court attached to the petition in compliance with ORS 138.580 does not bear out this allegation.

[2] "(1) The courts having jurisdiction of criminal or quasi-criminal actions, including actions for violation of municipal ordinances, when it appears that the best interests of the public as well as the defendant will be subserved thereby, may:

"(a) Suspend the imposition or execution of sentence for any crime or offense for any period not to exceed five years; and may also

"(b) Place the defendant on probation for a definite or indefinite period not less than one nor more than five years.

"(2) * * * * *"

(2) impose sentence and suspend the execution of sentence and place the defendant on probation.

ORS 137.550 provides for a summary hearing by the court for the purpose of revoking probation and causing the sentence previously imposed to be executed or, if no sentence has been previously imposed, for the imposition of any sentence which originally could have been imposed.

The United States Supreme Court has held that the defendant in a felony case is entitled to be represented by counsel at every stage of trial. *Johnson v. Zerbst,* 304 US 458, 58 S Ct 1019, 82 L Ed 1461 (1938) applied this rule to federal court proceedings. *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed2d 799 (1963) extended it to state court proceedings. Federal courts have consistently held that sentencing is a stage of trial, and that counsel must therefore be available. *Nunley v. United States,* 283 F2d 651 (10th Cir 1960); *Panagos v. United States,* 324 F2d 764 (10th Cir 1963); *Martin v. United States,* 182 F2d 225, 20 ALR2d 1236 (5th Cir 1950); *United States v. Behrens,* 375 US 162, 84 S Ct 295, 11 L Ed2d 224. The general rationale of these decisions is well expressed in *Martin v. United States,* supra, quoted in *Evans v. State,* 163 So2d 520, 522:

" 'The very nature of the proceeding at the time of imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met. There is then a real need for counsel. The advisability of an appeal must then, or shortly, be determined. Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to

correct any errors or mistakes in reports of the defendants' [sic] past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial Court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result, does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as make the absence of counsel at this time presumably prejudicial.'"

Even before *Gideon v. Wainwright,* supra, held that the Sixth Amendment right to counsel was available to defendants in state court felony proceedings, most state courts held that the defendant in a criminal case had the right to counsel at the time of sentence. See cases collected in Annotation, 20 ALR2d 1240. Since that time state courts which have had occasion to pass upon the right to counsel at the "sentencing stage" have held in the affirmative. *State v. Laird,* 85 NJS 170, 204 A2d 220 (1964); *Commonwealth v. Rundle,* 415 Pa 528, 204 A2d 446 (1964); *People v. Sykes,* 23 App Div2d 701, 258 NYS2d 275 (1965).

We do not now decide whether a defendant has a right to counsel in a probation revocation proceeding under ORS 137.550 when sentence is imposed prior to the granting of probation and the only issue at the summary hearing is the revocation of probation.

We are here concerned only with that portion of ORS 137.550 (2) which reads:

"* * * The court, after summary hearing, may revoke the probation and * * *, if no sentence has been imposed, impose any sentence which originally could have been imposed."

■ In such a case, by virtue of the statute, the revocation hearing and the sentencing hearing are one and the same, and therefore counsel cannot represent a defendant at the hearing on sentencing without representing him on the hearing on revocation.

The disclosure of facts so derogatory as to result in revocation of probation is hardly calculated to ameliorate the judge's attitude towards the defendant at the time, immediately following the decision to revoke, sentence is imposed. If ever, in the words of the *Martin* case, supra, there is an appropriate time for counsel to assist "in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendants' [sic] past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws," it is then.

■ It follows that petitioner's second cause of action stating that at the time of the hearing on revocation and sentence he was without counsel, although he had not intelligently waived his right to counsel, states grounds for relief and the demurrer to this cause of action should not have been sustained.

■ This does not mean that a hearing under ORS 137.550 need take on the formalism normally associated with the taking of testimony on the issue of guilt or innocence. The hearing provided for by this statute is summary in nature just as is the hearing on imposition of sentence authorized by ORS 137.080. Trial judges have great discretion in controlling the nature and scope of summary hearings.

■ The demurrer was properly sustained to the first cause of action (right of an indigent defendant to appointed counsel in a misdemeanor case). The postconviction act, ORS 138.580, provides inter alia:

"* * * Records supporting the allegations of

the petition shall be attached to the petition or the petition shall state why they are not attached."

The amended petition for post-conviction relief, although alleging a misdemeanor conviction in the district court for the state of Oregon for the county of Benton, does not have attached the judgment of conviction or explain why it is not attached.[9]

In any event, there is no need for us to here consider whether or not a person charged with a misdemeanor is entitled to court appointed counsel if indigent. If the post-conviction hearing on the merits should result in the order of revocation and penitentiary sentence being set aside, we do not know that the judge who presides over the subsequent revocation hearing will consider only the misdemeanor conviction or that he will consider it at all.

Reversed and remanded.

---

[9] Apparently this omission was due to inadvertence. The judgment order is set forth haec verba in petitioner's brief.