Argued April 4, reversed and remanded May 17, 1967

# R. D. PERRY, *Appellant, v.* WILLIARD, *Respondent.*

427 P. 2d 1020

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*David H. Blunt,* Asistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

## GOODWIN, J.

In *Gebhart v. Gladden,* 243 Or 145, 412 P2d 29 (1966), we held that an indigent person on probation must be supplied with appointed counsel at a revocation hearing if sentence had not been previously imposed. Today we have a case in which a sentence had been pronounced after a felony conviction, but the execution thereof had been suspended during good behavior on probation. Probation was later revoked at a hearing, in the absence of counsel, and the indigent prisoner sought postconviction relief. He appeals a circuit court judgment denying relief.

The state relies upon a general proposition that

there is no constitutional right to counsel at a revocation hearing after sentence because such a hearing is not a "criminal prosecution." A number of state and federal cases so hold. See, e.g., *Brown v. Warden, U. S. Penitentiary,* 351 F2d 564 (7th Cir 1965), cert. denied, 382 US 1028, 86 S Ct 651, 15 L Ed 2d 541 (1966); *Shum v. Fogliani,* 82 Nev 156, 413 P2d 495 (1966). These cases do not, however, dispose of the prisoner's contentions.

The prisoner argues, and the state does not deny, that it is not unusual for a probationer who can retain counsel to have the assistance of counsel at a revocation hearing. The presence of counsel in some cases when it is denied in others gives rise to equal-protection problems. See *Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L Ed 2d 811 (1963); Kamisar and Choper, *The Right to Counsel in Minnesota: Some Field Findings and Legal-Policy Observations,* 48 Minn L Rev 1, 94 (1963).

■ In *Barker v. Ireland,* 238 Or 1, 392 P2d 769 (1964), we took note of the duty of the trial court under ORS 137.550(2) to make a factual determination. While the hearing should be limited to the narrow issue of the misconduct alleged to constitute a violation of the terms of probation, the hearing must provide a fair and trustworthy procedure for discovering the truth of any facts that may be in dispute.

■ Whether the advantages of continued freedom on probation are deemed to be "rights" or "privileges", probation is important both to the probationer and to the court as a tool of rehabilitation. A decision on the continued liberty of an individual should be made judicially, in the light of all relevant factual data, and with adequate procedural safeguards. *State v. Edelblute,* 91 Idaho 469, 424 P2d 739 (1967).

■ A hearing in which counsel is absent or is present only on behalf of one side is inherently unsatisfactory if not unfair. Counsel can see that relevent facts are brought out, vague and insubstantial allegations discounted, and irrelevancies eliminated. The conceptual distinctions between a summary hearing before sentence is imposed, as in *Gebhart v. Gladden,* and one after sentence is imposed are not operationally important insofar as such distinctions bear upon the trustworthiness and fairness of the decision to be made on disputed questions of fact concerning a probationer's conduct. In either case, a person about to be deprived of his liberty ought to have a meaningful opportunity to disprove the charges against him. Cross-examination and the production of favorable evidence are difficult for a person without counsel. These difficulties are compounded when a probationer is being held in jail without bail, as normally occurs when a warrant issues under ORS 137.550(2).

Since 1946, the federal courts have construed the relevant statutes which allow a federal parolee to "appear" as permitting him to appear with retained counsel. See *Glenn v. Reed,* 289 F2d 462 (DC Cir 1961); *Fleming v. Tate,* 156 F2d 848 (DC Cir 1946). In the federal cases since *Fleming v. Tate,* the courts have, however, rejected the argument that an indigent parolee was entitled to the assistance of appointed counsel. These cases point out that *Fleming v. Tate* turned upon statutory construction and specifically disclaimed reliance upon constitutional principles. See *Jones v. Rivers,* 338 F2d 862 (4th Cir 1964). Strong dissenting opinions, however, have stated that if the assistance of counsel is necessary to an "effective appearance" when a prisoner has the money to hire a lawyer, the assistance of counsel is equally necessary

to an "effective appearance" when the prisoner is poor. *Hyser v. Reed,* 318 F2d 225 at 255 (DC Cir 1963) (opinion of Bazelon, C. J., and Edgerton, J., concurring in part and dissenting in part).

■■ Recent decisions in our own court as well as in the United States Supreme Court have been widening and deepening our commitment to individual liberty and to equality before the law. See, e.g., *Gebhart v. Gladden,* supra. It would be somewhat surprising to hold now for the first time that a wealthy person brought before the court for revocation of probation could not have the assistance of retained counsel to dispute the alleged grounds for revocation. We take judicial notice of the practice of many years' standing which allows counsel to be heard in such proceedings in various circuit courts of this state. We now hold that counsel is not only desirable but is so essential to a fair and trustworthy hearing that due process of law when liberty is at stake includes a right to counsel.

■ Accordingly, if a probationer with money is entitled to retained counsel, an indigent is entitled to appointed counsel. As observed in another context, discrimination "on account of poverty" is as unjustifiable as discrimination on account of religion, race or color. *Griffin v. Illinois,* 351 US 12, 17-18, 76 S Ct 585, 589-590, 100 L Ed 891 (1956). We are aware that a proceeding to review performance on probation is not a criminal trial, but that distinction does not justify the denial of equal protection of the laws when liberty is concerned.

For the purposes of the summary hearing required by ORS 137.550(2), unless the person on probation expressly waives the assistance of counsel, the trial court should not proceed with a revocation hearing in the absence of defense counsel.

The prisoner in the instant case should be returned to the sentencing court for a new hearing in which counsel is available unless waived.

Reversed and remanded.

PERRY, C. J., and LUSK, J., dissenting.