Argued June 18, affirmed July 23, 1970

# MILLER, *Respondent, v.* JORDAN, *Appellant.*

472 P2d 841

*Stanley O. Torgrimson*, Senior Deputy City Attorney, Portland, argued the cause for appellant. With him on the brief was Marion C. Rushing, City Attorney, Portland.

*John J. Haugh*, Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, and Brian L. Welch, Portland.

John H. Buttler, Portland, filed a brief for American Civil Liberties Union of Oregon as amicus curiae.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Plaintiff was charged in the Municipal Court of the City of Portland by the filing therein of an Oregon Uniform Traffic citation alleging a violation of § 19–502 of the Portland Traffic Code in that he disobeyed a traffic signal.

Plaintiff filed a written demand for a jury trial. The defendant, a municipal court judge, demanded that the accused post a $30 fee in advance of the trial for the cost of the jury, as required by § 3-802 of Portland City Ordinance # 77780.

Plaintiff declined to do so and filed a petition seeking the issuance of a writ of mandamus directing the defendant to grant him a jury trial. Defendant demurred. The trial court overruled it and directed that the writ issue. The defendant appeals.

ORS 221.349 (1) provides:

"In all prosecutions for any crime or offense defined and made punishable by any city charter or ordinance the defendant shall have the right of trial by jury, of six in number. * * *"

Thus the question presented is not, as appellant implies, whether under *Duncan v. Louisiana*, 391 US 145, 88 S Ct 1444, 20 L Ed 2d 491 (1968), the plaintiff must be accorded a jury trial at all, but whether when the statute does accord to one charged with a traffic violation a jury trial, it may condition this right by requiring that person in advance to post a cash fee to cover the costs of a jury.

Equally important, it is conceded that an accused charged with the identical offense under ORS 483.128, whether in the same court or in the Multnomah County District Court, could not be compelled under the state statute to post a fee as a prerequisite to being granted a jury trial. Without regard to indigency no such advance payment of jury fee is required in that court in a criminal case. ORS 46.175, ORS 46.221 (2). It is also conceded that the arresting officer in the city of Portland could have charged the plaintiff either with violation of the city ordinance, as he did, or with violation of the state statute, ORS 483.128, simply by checking the appropriate box on the citation.

At one time it was considered that violation of a municipal ordinance was not a crime and that constitutional guarantees, whether state or federal, applicable to criminal cases did not apply. See *Wong v. City of Astoria*, 13 Or 538, 11 P 295 (1886), where the defendant was charged with operating a bawdyhouse in violation of a city ordinance. Such guarantees were

held to apply only to prosecutions for violations of state law. Appellant contends we are bound thereby.

In *Stevenson v. Holzman*, 254 Or 94, 458 P2d 414 (1969), the Supreme Court held that an indigent person accused of a violation of a municipal ordinance has a constitutional right to the assistance of counsel at public expense. The court said:

> "We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence." 254 Or at 102.

The court there also stated:

> "Although we could rest our decision solely on the Constitution of the United States, we prefer to rely also on Article I, Section 11, of our Oregon Constitution, which provides: 'In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel; * * *.' We think the foregoing provision, no less than the Sixth Amendment, mandates the appointment of counsel for all indigent defendants whose conviction may result in a loss of liberty. Such a holding has been presaged by recent decisions, including the following: *Perry v. Williard*, 247 Or 145, 427 P2d 1020 (1967); *State v. Mayes*, 245 Or 179, 421 P2d 385 (1966); *Gebhart v. Gladden*, 243 Or 145, 412 P2d 29 (1966); *State v. Blank*, 241 Or 627, 405 P2d 373 (1965). In *Perry v. Williard* we said: 'Recent decisions in our own court as well as in the United States Supreme Court have been widening and deepening our commitment to individual liberty and to equality before the law.' 247 Or at 149." 254 Or at 103-04.

■ It seems clear, therefore, the city's contention that constitutional guarantees applicable to criminal cases do not apply to prosecutions for violations of a city ordinance having as a possible consequence loss of liberty can no longer be considered the law of Oregon. See also *State v. Mayes,* 245 Or 179, 184, 421 P2d 385 (1966).

*State v. Pirkey,* 203 Or 697, 281 P2d 698 (1955), also struck down a criminal statute under U.S. Const. art. XIV, § 1, and under Oregon Constitution, Art I, § 20, because it gave a magistrate or grand jury unfettered discretion to treat a check drawn on insufficient funds either as a misdemeanor or a felony. The court commented:

"The provisions of the Equal Protection Clause of the Fourteenth Amendment apply as limitations upon all instrumentalities through which the state acts. * * * The Constitution does imply that if by statute the conduct of one person or group produces a certain legal consequence, while the conduct of another person or group produces a different legal consequence, there must be some rational distinction between the persons or groups of persons in question sufficient to warrant the application to them of different legal consequences for their acts. If there is no rational basis for classifying one person or group of persons as being subject to one statutory regulation, while subjecting others to a different regulation, then the legislation must fall under the constitutional provision. * * *" 203 Or at 702-04.

In *State v. Cory,* 204 Or 235, 282 P2d 1054 (1955), the court held unconstitutional under U.S. Const. art. XIV, § 1, a statute giving the district attorney unlimited discretion whether or not to proceed under the Habitual Criminal Act. The court said:

"If the insufficient fund statute is unconstitu-

tional because it grants to the grand jury or magistrate the power to choose whether or not proceedings shall be had as a misdemeanor or felony, a fortiori that portion of the habitual criminal act which gives the district attorney unlimited authority to proceed or not to proceed at all against a convicted felon in personal, nonviolent cases, should also be held unconstitutional." 204 Or at 240.

Here the only factor which determines whether an accused can exercise his right to a jury trial without advance deposit is the arbitrary decision of the arresting officer. No legislative standard guides its exercise.

■ We are here faced then with a situation where the arresting officer, simply by checking a box on the Uniform Traffic citation, may elect to prosecute a violator for violation of state statute or city ordinance charging the identical offense. Yet the same court—the Portland Municipal Court—has jurisdiction to try both cases. *In Re Application of Boalt*, 123 Or 1, 260 P 1004 (1927); 28 Op Atty Gen 28 (1956). We have pointed out that if the complaint is filed by the officer for violation of the state statute the violator is entitled without advance payment to a jury trial. If it is filed for violation of the city ordinance he is not.

Plaintiff contends that this denies to him the equal protection of the laws. The trial court so held. We agree. For the reasons set forth above we hold that the provision of the Portland city ordinance requiring the posting of a jury fee in advance under the circumstances here involved constitutes a denial to the person so charged of the equal protection of the laws as guaranteed by U.S. Const. art. XIV, § 1, and Oregon Constitution, Art I, § 20.

The judgment is affirmed.