Argued March 20, affirmed May 21, reconsideration
denied June 26, petition for review denied July 5, 1979
see 287 Or 45.

STATE OF OREGON, *Respondent,*

*v.*

JAMES BURRIS RINGLE, *Appellant.*

(No. 198348, CA 12369)

595 P2d 824

Rodney J. Beck, Gladstone, argued the cause and filed the briefs for appellant.

Karen H. Green, Assistant Attorney General, Salem, filed the brief for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from the trial court's denial of his motion for a judgment of acquittal and subsequent ruling that he was guilty of violating ORS 487.465, the basic speed rule. Defendant contends that, because he was traveling on a road which was subject to the 55-mile-per-hour fuel conservation maximum speed limit authorized by ORS 487.475, the basic speed rule was not applicable under the facts of this case. We affirm.

Defendant was cited for violation of the basic speed rule by a state trooper after the trooper had recorded defendant's speed at 82 mph on his radar equipment. At the time the citation was issued, defendant was driving in the westbound lane on Highway 26 which has a posted maximum speed limit of 55 mph. The citation was issued at approximately 10 a.m.

The trooper testified that at the point where defendant was stopped, Highway 26 is a two-lane highway with approximately 12-foot wide lanes and an eight-foot shoulder on each side. It had been raining and, according to the trooper's testimony, the asphalt road surface was very wet. He further testified that, although visibility in the area was generally good, there was a "dip" in the eastbound lane which was not observable from the westbound lane in which defendant was traveling. He testified that if a driver were traveling in the westbound lane and there was a vehicle in the "dip" in the eastbound lane, the westbound driver would be unable to see the eastbound vehicle. He stated that defendant appeared to have his vehicle under control.

Defendant was cited for and found guilty of violating ORS 487.465 which states in relevant part:

"(1) A person commits the offense of violating the basic speed rule if he drives a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of

[395]

the highway, the hazard at intersections, weather, visibility and any other conditions then existing.

"* * * * *

"(3) Violating the basic speed rule is a Class B traffic infraction.[1]"

ORS 487.475, which defendant contends supersedes the basic speed rule in this instance, provides:

"(1) Whenever the Oregon Transportation Commission determines that there is a need to conserve fuel because of current or imminent fuel shortages, and further that limiting the maximum speeds of vehicles will conserve motor fuel, the Department of Transportation is authorized to fix a maximum speed of not more than 55 miles per hour upon all highways within the state. *A maximum speed limit so set shall not be subject to the provisions of ORS 487.465, except where a special hazard or condition exists that requires a lower speed for compliance with ORS 487.465. The maximum speed limit shall also not be subject to ORS 487.480, 487.490 or 487.510.*

"(2) Violation of a fuel conservation maximum speed limit is a Class C traffic infraction." (Emphasis supplied.)

In deciding this case we are called upon for the first time to determine the effect of these two statutes. It is apparent, and the parties are agreed, that ORS 487.475 supersedes ORS 487.465 where no "special hazard or condition exists that requires a lower speed for compliance with ORS 487.465." The ambiguity lies in the meaning of the words "lower speed." Defendant contends these words mean that the hazards must be such that a speed lower than 55 mph is required to ensure safety, while the state contends the hazard

---

[1] This statute is further explicated by ORS 487.470 which provides in relevant part:

"Any speed in excess of the speeds designated under this section, ORS 487.480 or 487.490 shall be prima facie evidence of violation of ORS 487.465. The speeds designated in this section are:

"* * * * *

"(4) Fifty-five miles per hour in * * * [unspecified] locations unless a greater or lesser speed is designated in accordance with ORS 487.480 or 487.490 which shall be effective when appropriate signs giving notice thereof are erected upon the highway."

must simply be such as to require a speed lower than that at which the driver is traveling.

Because an examination of the legislative history of ORS 487.475 does not result in a conclusive answer to the question posed, we turn to the purpose for each statute in resolving the ambiguity in the maximum speed statute. The 55 mile per hour maximum speed was adopted pursuant to section 2(h) of the Federal Emergency Highway Conservation Act of 1974,[2] which required each state to set such a maximum speed in order to qualify for federal highway funds. Testimony before the Senate Judiciary Committee at the time the maximum speed law was being considered[3] indicated that the maximum speed limit was set to "slow vehicles down and has nothing to do with traffic safety." Minutes, Senate Judiciary Committee, February 21, 1974, at 2. The basic rule, on the other hand, is clearly concerned with public safety. When faced with the very question before us, the Attorney General drew the following conclusion:

> "* * * A simple ranking of priorities would indicate any ambiguity in ORS 487.475 should be resolved in favor of the safety concerns of ORS 487.465, rather than concluding the energy conservation provisions of ORS 487.475, not intended to have anything to do with safety, have nullified all concern with safety at speeds greater than 55 mph. * * *" 37 Op Att'y Gen 1388, 1391 (Or 1975-76).

We agree. In the absence of a clear statement of legislative intent to totally do away with the basic rule at speeds over 55 miles per hour, we do not read ORS 487.475 as intending that result. A motorist is subject to citation for violation of ORS 487.475 where he exceeds 55 mph, regardless of road conditions and the actual prudence of his speed. However, the legislature's continuing concern with traffic safety makes him subject as well to citation for violation of the basic

---

[2] Public Law 93-643, 88 Stat 2286 (codified at 23 USC § 154.

[3] Oregon Laws 1974, (Special Session), ch 6, (House Bill 3306).

rule where there are special conditions or hazards rendering his speed unsafe, regardless of whether the "safe" speed is greater or lower than 55 miles per hour. The greater potential penalty for violation of the basic rule is further indication of the continued priority apparently given to safety by the legislature.[4]

Defendant also contends that there was, in any event, insufficient evidence of special hazards in his case to warrant application of the basic rule. We find that the testimony describing the narrowness and wetness of the road, as well as the "blind dip," amounted to sufficient evidence that there were special hazards requiring a speed of less than 82 miles per hour for safety.

Affirmed.

**TANZER, J.,** dissenting.

I dissent because these words of ORS 487.475(1) compel a contrary result:

"* * * A maximum speed limit so set [at 55 miles per hour for fuel conservation] shall not be subject to the provisions of ORS 487.465 [the basic rule], except where a special hazard or condition exists that requires a lower speed for compliance with ORS 487.465. The maximum speed limit shall also not be subject to ORS 487.480, 487.490 or 487.510."

This language clearly requires that where the fuel conservation speed limit has been imposed, ORS 487.475 is the only speed control statute which regulates speeds over 55 miles per hour and that the basic

---

[4] We are not persuaded by defendant's argument that application of the basic speed rule to speeds both above and below the maximum speed limit of ORS 487.475 is a violation of the equal protection requirements of the United States and Oregon constitutions. Citing *State v. Pirkey,* 203 Or 697, 281 P2d 698 (1955) and *Miller v. Jordan,* 3 Or App 134, 472 P2d 481 (1970), defendant contends this interpretation of the statute is unconstitutional because it leaves it within a police officer's discretion to decide between two statutes which carry different potential penalties. The cases cited are distinguishable because each deals with a situation leaving such a decision within the unfettered discretion of the police officer. In applying the basic rule and maximum speed statutes, however, the police officer is guided in his discretion by the special hazard language of ORS 487.475.

rule statute applies only to speeds under 55 miles per hour. Any other interpretation is judicial legislation. I would therefore reverse the conviction for violation of the basic rule.