PATTERSON, Judge.
The appellant, Rozell Lee Moses, appeals his conviction for theft of property in the third degree and his sentence of 12 months’ confinement at hard labor, which was suspended on the condition that he successfully serve a 12-month, unsupervised probationary period and pay a $500 fine and court costs. However, the trial court ordered that he be incarcerated until his fine and court costs were paid. Moses’s theft conviction arises from an alleged theft of a gallon bucket of paint valued at $8.47 from a Wal-Mart discount store in Phenix City, Alabama. He was originally charged and convicted in the Phenix City Municipal Court. He appealed to the Russell Circuit Court, where, after a trial de novo, he was again convicted. This appeal followed.
Moses contends that he was denied due process of law because, he says, he was denied his constitutional right to be represented by counsel. It appears from the record that he was not represented by counsel. Further, there is no indication in the record that Moses was advised of his right to counsel or that he waived his right to counsel.
The right to counsel was extended to.misdemeanor cases by the United States Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), wherein the Court adopted the following reasoning of the Oregon Supreme Court:
“[N]o person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence.”
Id. at 38, 92 S.Ct. at 2013 (quoting Stevenson v. Holzman, 254 Or. 94, 458 P.2d 414, 418 (Or.1969). The Court stated, “We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.” Id. 407 U.S. at 37, 92 S.Ct. at 2012.
In 1979, the United States Supreme Court in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), clarified the Argersinger rule by holding that the Sixth and Fourteenth Amendments require that no indigent criminal defendant, convicted of a misdemeanor offense, be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense, but do not require a state trial court to appoint counsel for an indigent criminal defendant who is charged with a misdemeanor offense for which imprisonment upon conviction is authorized but not imposed.
We have followed these rulings in Lake v. City of Birmingham, 390 So.2d 36 (Ala.Cr. App.1980), which stated:
“The right to counsel attaches in all felony cases, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and in all misdemeanor eases involving the loss of liberty. Argersinger v. Hamlin.... However, on misdemeanor charges the right to counsel is limited to cases where a defendant is actually sentenced to jail. Scott v. Illinois.... The Sixth Amendment right to counsel does not depend upon a request by the accused. Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 ... (1971). If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 ... (1962). In Carnley the Supreme Court stated, at 513 and 516, 82 S.Ct. at 889 and 890:
“ ‘But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request....
“ ‘Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and *336 evidence which show, that an accused was offered counsel but intelligently and understanding^ rejected the offer. Anything less is not waiver.’
“See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 ... (1969).”
Id. at 38.
The crime for which Moses stands convicted is a misdemeanor under Alabama law. The trial court’s sentencing order read, in pertinent part, as follows:
“It is therefore the sentence of this Court and Judgment of this Court that the defendant be sentenced to 12 months’ hard labor to be suspended and a fine of $500.00. Defendant is taxed with cost and $25.00 to the Victims Compensation Fund. Defendant is placed on unsupervised probation for a period of one year. Defendant is to remain in jail for a sufficient period of time to serve his fine and costs.”[1]
We assume from this order that Moses was actually imprisoned for the purpose of paying his fine and costs.[2]
From the record before us, we find that Moses was not afforded his right to counsel, did not waive his right to counsel, and was imprisoned for the purpose of paying his fine and court costs. Under these circumstances, it is clear that Moses was denied his constitutional right to counsel. Therefore, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
Because we find that Moses’s conviction for theft in the third degree must be reversed on the ground stated above, we find it unnecessary to address the remaining issue.
REVERSED AND REMANDED.
All Judges concur.

. For collection of costs and fines by confinement, see Ala.Code §§ 15-18-62, and -63 and A.R.Crim.P. 26.11(h)(3).

. We note that Moses was found to be indigent by the trial court for the purpose of the appointment of appellate counsel. While the record does not disclose whether Moses was indigent or not at the time of his trial, we point out that an indigent defendant can not be incarcerated for his inability to pay a fine, court costs, or restitution. A.R.Crim.P. 26.1 l(i)(2).