Argued February 19, reversed and remanded with instructions
April 8, 1971

STATE OF OREGON, *Respondent, v.*
EDMUND MORASCH (C-46598), *Appellant.*

483 P2d 474

*Brian W. O'Brien,* Portland, argued the cause and filed the briefs for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

212

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

In May 1966, the defendant entered a plea of guilty to the crime of embezzlement by bailee, ORS 165.010, and a presentence investigation was ordered. On July 25, 1966, the court sentenced the defendant to an indeterminate five-year term and ordered "that execution of said sentence is hereby suspended provided that said defendant be returned to his native Canada by the United States Immigration authorities." No other proviso relevant to this case was contained in the order.

Subsequently the defendant on more than one occasion re-entered the United States, sometimes illegally, sometimes legally, but was either deported or returned himself voluntarily to Canada. Ultimately he was convicted of illegal entry in the federal court, given a suspended sentence, placed on probation and deported. Later, because of a further illegal entry, that probation was revoked and he was confined in the federal penitentiary at McNeil Island. It was while he was serving that sentence that this proceeding for revocation was begun.

On December 8, 1969, the court by order directed the issuance of a bench warrant for the defendant which recited:

"* * * that said defendant, EDMUND MORASCH, be brought before this court to show cause why the sentence heretofore suspended herein should not now be executed * * *."

On February 5, 1970, the court appointed counsel for the defendant. On March 30 the matter came

on for hearing, and the court entered an Order Revoking Probation and Execution [sic] Sentence, the relevant portion of which stated:

"\* \* \* [T]he Court after hearing statements of respective counsel, and being fully advised in the premises, hereby FINDS the defendant has violated the conditions of his probation, and it is hereby

"ADJUDGED that said probation hereinbefore granted said defendant be, and the same is hereby revoked, and it is

"FURTHER ADJUDGED that said defendant be imprisoned in a penal or correctional institution of the State of Oregon for an indeterminate period of time, the maximum term of which shall be and hereby is fixed at five (5) years, said sentence to run consecutive to Federal sentence he is presently serving \* \* \*."

The defendant appeals from this order and asserts as his sole assignment of error that the court erred in revoking his 1966 suspended sentence for violation of "the conditions of his probation." He contends that he was never placed on probation and that there had been full compliance with the only condition of the suspension of the execution of his sentence when he was returned to Canada. He urges that since he was never put on probation, the court could not find that he "has violated the condition of his probation," and that in the absence of such finding the court lacked jurisdiction to revoke the suspension of the execution of his sentence.

ORS 137.510 (a) and (b) authorize a court to:

"(a) Suspend the imposition or execution of sentence for any crime or offense for any period not to exceed five years; and may also

"(b) Place the defendant on probation for a

214

definite or indefinite period not less than one nor more than five years."

When the court has suspended the execution of a sentence it is granted authority by ORS 137.550 (2):

"In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally have been sentenced. Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed."

Other portions of ORS 137.550 relate to procedures and authority vested in the court concerning revocation of probation.

ORS 137.510 thus gives the trial court four possible alternatives: (1) It may impose sentence and suspend its execution up to five years; (2) It may impose sentence and suspend its execution up to five years and may also place the defendant upon probation for a period not less than one nor more than five years; (3) It may suspend the imposition of sentence for up to five years; (4) It may suspend the imposition of sentence for up to five years and may also place the defendant upon probation for not less than one nor more than five years.[1]

The transcript of the 1966 sentencing states:

"THE COURT: * * * [B]ut if we put this gentleman in the penitentiary he'll be there until he can be deported to Canada, right?

---

[1] In Rubin, The Law of Criminal Correction 158, 166-68, ch 5 Suspended Sentence §§ 5, 15, 17, 18 (1963), the history and power of courts to suspend sentence both with and without probation and the respective purposes of each are discussed at length.

"MR. STEINBOCK [deputy district attorney]: It appears that one way or the other, your Honor, ultimately he will be deported to his native Canada.

"THE COURT: And we have no reciprocity for probation to Canada, I assume, do we?

"MR. STEINBOCK: I don't believe so.
"* * * * *

"THE COURT: * * * I'm going to do this in your case: I'm going to sentence you to the Oregon State Penitentiary for five years, but I'm going to suspend the imposition of that sentence provided and assuming that you are transported to the country of Canada.

"THE DEFENDANT: (Nods head)

"THE COURT: So that when you enter Canada as a Canadian citizen this sentence will be suspended. If you don't go there for one reason or another, then you'll have to serve some time in the Oregon State Penitentiary.
"* * * * *

"THE COURT: You got a real chance to make a new start up there."

Nothing in the judgment order or in the court hearing itself can be viewed as placing the defendant upon probation. To hold otherwise would do violence to the legislative framework described above, which expressly authorizes the suspension of a sentence without placing a defendant on probation.

The state contends, however, that even though the trial court was in error in revoking a nonexistent probation, since the statute allows it to revoke a suspended sentence where no probation was imposed we should so construe the order of revocation. The actual procedure here employed of issuing a warrant and bringing the defendant before the court is consistent with that contention, since that is the statutory method

provided for revocation of an order suspending execution of sentence. ORS 137.550 (2).

In *Perry v. Williard*, 247 Or 145, 427 P2d 1020 (1967), the Supreme Court considered procedures appropriate to revocation of probation proceedings conducted under ORS 137.550 (2). There, anticipating *Mempa v. Rhay*, 389 US 128, 88 S Ct 254, 19 L Ed 2d 336 (1967), in holding that in the absence of express waiver counsel is required as a part of due process at a probation revocation hearing, the Oregon court said:

"In *Barker v. Ireland*, 238 Or 1, 392 P2d 769 (1964), we took note of the duty of the trial court under ORS 137.550 (2) to make a factual determination. While the hearing should be limited to the narrow issue of the misconduct alleged to constitute a violation of the terms of probation, the hearing must provide a fair and trustworthy procedure for discovering the truth of any facts that may be in dispute.

"Whether the advantages of continued freedom on probation are deemed to be 'rights' or 'privileges,' probation is important both to the probationer and to the court as a tool of rehabilitation. A decision on the continued liberty of an individual should be made judicially, in the light of all relevant factual data, and with adequate procedural safeguards. *State v. Edelblute*, 91 Idaho 469, 424 P2d 739 (1967)." 247 Or at 147.

We think the requirement of "adequate procedural safeguards" has equal application to revocation of suspension both of imposition and execution proceedings conducted under ORS 137.550 (2).

In *City of Lima v. Beer*, 90 Ohio App 524, 107 NE2d 253, 48 Ohio Op 188 (1950), the Ohio Court of Appeals stated:

"The suspension of sentence being upon ex-

pressed and definite conditions, the defendant had the right to rely upon such conditions, and so long as he complies with such conditions suspension of sentence cannot be revoked.

"Revocation of the order suspending the execution of sentence can be made only upon evidence of a violation of the conditions set forth in the order suspending the sentence. To hold otherwise would subject a defendant to the whim and caprice of the particular judge presiding over the court." 90 Ohio App at 528. See also, *Cross v. Huff*, 208 Ga 392, 67 SE2d 124 (1951); *State ex rel Vadnais v. Stair*, 48 ND 472, 185 NW 301 (1921); 29 Chi L Rev 483 (1962); 59 Colum L Rev 311 (1959).

In *Cross v. Huff*, supra, the Georgia Supreme Court said:

"Statutes providing for the suspension of a sentence or the probation of a defendant must be strictly followed. 15 Am.Jur. 148, § 498. As to whether or not the sentence in the present case was one of probation under supervision and upon specified conditions, must be determined from the language of the sentence. The manner of the probation of the defendant is not provided; conditions upon which the defendant might remain at liberty are not set forth; the defendant is not instructed to refrain from the doing of any act. * * * How, when, where, or in what manner it is claimed that the defendant could have failed to comply with nonexisting conditions does not appear from the record in this case. Had the alleged probation sentence contained even the admonition to 'go and sin no more,' (John 8:11), the sentence might be subject to construction. But the courts cannot construe that which does not exist. The release of a defendant unconditionally is not, and cannot be, a probation sentence under the provisions of our law." 208 Ga at 396-97.

There was only one condition imposed by the

court when it suspended the sentence. The state concedes and the record shows that it was complied with. At the revocation hearing the defendant stated:

"MR. MORASCH: My understanding of the sentence, your Honor, was this. I realize, and I remember that I asked for it, but my understanding was that when I was deported, which was a stiff enough sentence, just the deportation, that the suspension of the sentence would then have been fulfilled. At the time that I was sentenced I had no thought of ever coming back to the United States because I did think I could get into paying work in Canada. But things didn't work out that way."

The state, more than three and one-half years after its sole condition has been fully complied with, may neither read into the original judgment conditions which were wholly absent from it nor predicate thereon a revocation of the suspension originally granted.

The judgment is reversed with instructions to vacate the sentence imposed thereunder and to discharge the defendant.