Argued April 21, affirmed May 13, petition for rehearing denied
June 8, petition for review allowed July 22, 1971

STATE OF OREGON, *Respondent,* v. DONALD
ANTONIO RAGGHIANTI (Nos. C-50912 and
C-50913), *Appellant.*

484 P2d 1125

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the briefs was Jack R. Hannam, Portland.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

On May 1, 1968, defendant pleaded guilty to each count of a three-count indictment charging him with illegal possession of morphine, illegal possession of numorphan, and illegal possession of alvodine, all narcotic drugs. On the same date he pleaded guilty to assault and robbery being armed with a dangerous weapon. He had a previous criminal record.

Defendant's guilty pleas were entered of record on May 3, 1968. Proceedings were continued for imposition of sentences in order to permit defendant to undertake a federal narcotics rehabilitation program. Defendant understood that this action by the court was a temporary relinquishment of custody, with sentencing prospects dependent upon the outcome of the federal program. Defendant knew the maximum sentences, and understood that the court was making no sentencing commitments.

Sentences were imposed at the conclusion of a hearing on June 19, 1970. At that time defendant conceded that the court had authority to act at any time within a period of five years after the entry of the guilty plea.

At the sentence hearing the court gave as its principal reason for terminating suspension and imposing sentence the defendant's failure to obey the court's instructions to report to him periodically. The court also found in effect that the defendant had not

successfully participated in the federal narcotics rehabilitation program and had "manipulated" those who tried to help him.

The defendant does not contend that the information available to the judge was not sufficient to warrant a revocation of suspension. Having made no previous objection, he contends for the first time on appeal that the court, having previously suspended imposition of sentence without conditions, had no power to sentence the defendant. While there may well be some merit in the defendant's position as to the propriety of the procedures followed by the court, we do not reach the question. See *State v. Morasch,* 5 Or App 211, 483 P2d 474 (1971).

> "The general rule is that it is not error only, but error legally excepted to which affords grounds for reversal. *State v. Avent,* 209 Or 181, 302 P2d 549 (1956). This rule has been relaxed only when the court, upon examination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied. *State v. Braley,* 224 Or 1, 355 P2d 467 (1960); *State v. Avent,* supra * * *." *State v. Zadina,* 1 Or App 11, 12-13, 457 P2d 670 (1969).

Our examination of the record leads us to the conclusion that this is not such a case.

The defendant makes two other assignments of error. They do not warrant discussion. They are lacking in merit; and, as is the case with regard to his first assignment of error, they were not preserved by proper exceptions.

Affirmed.