Argued April 22, affirmed May 13, petition for rehearing
denied June 8, 1971

## STATE OF OREGON, *Respondent, v.*
## DALE WILLIAMS, *Appellant.*

484 P2d 1113

*James T. Marquoit*, Portland, argued the cause for
appellant. With him on the brief were Maizels & Marquoit, Portland.

*Jacob B. Tanzer*, Solicitor General, Salem, argued

the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Rhidian M. M. Morgan, Staff Attorney, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from a sentence of 15 years' imprisonment for burglary. ORS 164.230.

He pled guilty to the charge on February 11, 1970. The matter was continued for sentencing and a pre-sentence investigation was ordered. On March 27, 1970, a sentence hearing was held at which defendant said he was taking a radio course which would take approximately four months to complete. Defendant was an ex-convict. In the hope that taking the course was evidence of defendant's rehabilitation, the court, in an order entered on March 31, 1970, continued sentencing for a period of four months and directed that defendant consult with a named lay counsellor whose work was in radio. Defendant and his counsel specifically agreed to the procedure.

On July 17, 1970, defendant and his attorney appeared before the same judge. The file does not contain any process that activated this hearing. The court told defendant that a report from a detective to the court stated that defendant had engaged in a continuing course of misconduct, including an alleged burglary. The defendant denied the burglary, but stated that he had been in custody for driving with a suspended operator's license. The court said:

"* * * You have been in one form of trouble that has led you to a custody situation, and you

have this other matter *which is unproven* * * *."
(Emphasis supplied.)

The court ordered a hearing concerning the misconduct at which testimony would be taken under oath. Such a hearing was held on July 30, 1970. Extensive direct and circumstantial evidence was produced from several witnesses whom the defendant and his counsel confronted and cross-examined. Defendant continued to deny the allegations of burglary, although the evidence against him was overwhelming. This evidence also disclosed that the defendant was in possession of property which had been stolen in another recent burglary, and that he had not one but two arrests for driving while operator's license was suspended. At the conclusion of the hearing the court sentenced him to the 15-year prison term.

At no time during any of the hearings concerning sentencing did the defendant or his counsel object or except to the procedure or assert a ground asserted for relief on this appeal.

> " 'It has always been the rule in this state that a question not raised and preserved in the trial court will not be considered on appeal, *State v. Braley,* 224 Or 1, 9, 355 P2d 467 (1960), and cases there cited * * *.' " *State v. Christmas,* 90 Adv Sh 631, 632, 2 Or App 46, 465 P2d 748 (1970).

See also, *State v. Ragghianti,* 5 Or App 498, 484 P2d 1125, Sup Ct *review dismissed,* 260 Or 347, 490 P2d 490 (1971).

Affirmed.