Argued December 19, 1973, affirmed January 21, 1974

# STATE OF OREGON, *Respondent, v.*
# ERNEST WILLIAM TAYLOR
## (No. 67762), *Appellant.*

517 P2d 1233

*Robert L. Abel,* Salem, argued the cause and filed the briefs for appellant.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

Defendant appeals from a trial court order revoking the suspension of a previously imposed five-year sentence and causing the sentence to be executed.

Defendant was indicted for the crime of rape, former ORS 163.210, on July 14, 1969. Following a plea of not guilty, defendant's case came on for trial on December 18, 1969. Prior to proceeding on the rape charge, the state requested permission to file a fugitive complaint against defendant, charging defendant with the crime of parole violation in California. The state advised the court that California desired defendant's return and that defendant would be extradited if he did not waive extradition. The court allowed the

filing of the fugitive complaint, and advised the defendant that it would allow California officials "30 days within which time to come and secure your presence in that jurisdiction."

The court then dealt with the rape charge. Defendant advised the court that he wished to change his plea to guilty, and the court accepted the guilty plea. With regard to sentencing, the state reminded the court of the "hold" on defendant from California and suggested that because of procedural difficulties in moving prisoners between states, the court allow defendant to return to California to finish his term there if the California court should so order. The court sentenced defendant to an indeterminate term not to exceed five years, but suspended execution of the sentence on the condition that defendant return to California and serve the time owing to that state. The court further stated that if the prison term in California terminated before the expiration of the five-year period and if defendant conducted himself properly in the California penal system, the Oregon sentence would be further suspended for the balance of the five years. Finally, the court advised defendant that at any time during the five-year suspension he would be subject to being returned to Oregon for execution of the sentence. Defendant indicated that he understood all of these things and was remanded to the custody of the sheriff.

■ Early in 1973 it came to the district attorney's attention that defendant was in the Linn County jail awaiting trial on certain charges and, after investigation, it was discovered that defendant had not gone to California to answer the charge of parole violation. Therefore, the district attorney requested that the court execute the suspended five-year sentence. After being

advised that the State of California was no longer interested in having defendant returned, the court ordered that the previously suspended five-year sentence be executed.

ORS 137.550 (2) provides in pertinent part:

"* * * In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally have been sentenced. Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed."

This statute has been interpreted to allow revocation only where the conditions of suspension have not occurred. *State v. Morasch,* 5 Or App 211, 483 P2d 474 (1971).

■ In this case, suspension of the Oregon sentence was conditioned on defendant's return to California to answer the parole violation charge and his service of such term of incarceration as the California court might impose. These conditions were not satisfied and therefore, under ORS 137.550 (2), the court had authority to revoke the suspension of execution when it learned that defendant had not returned to California and served his sentence as had been anticipated.

Defendant advances two reasons why, despite the non-occurrence of the conditions of suspension, the court should not have executed the sentence.

■ First, defendant contends that the state waited an unreasonable period of time before it filed its motion for execution of sentence.

This case demonstrates an unfortunate lack of communication and coordination among independent elements of the criminal justice system. There was confusion from the start as to who had the responsibility of transporting defendant to California, and nobody in the system informed the court when the California authorities declined to do so. The defendant was simply released despite the conditional nature of the judgment order. The court, the prosecutor and, presumably, the defense counsel all assumed that, because defendant was not heard from, he was complying with the condition of suspension. Immediately upon discovery of the facts, however, the prosecutor brought the defendant before the court with dispatch.

The failure of the justice system to keep track of defendant's whereabouts does not nullify the authority of the court to execute defendant's sentence. Defendant knew that the court had exercised leniency on his behalf by suspending execution of his sentence conditioned upon his meeting his obligations to the State of California, and that the suspension could be revoked if he did not do so. Having stayed out of sight for three years, without advising either the California authorities or the trial court of his situation, defendant may not turn the resulting delay to his advantage. The record discloses nothing during that three-year period which would tend either to justify defendant's conduct or to show improper conduct by the state.

■ Defendant's other contention is that the state no longer has an interest in the execution of defendant's sentence because of the passage of time. That argument was properly made to the trial court, but rejected. In the judgment of the trial court, execution of the sentence was warranted and we have no reason

to interfere with that judgment. Furthermore, as pointed out above, this passage of time was occasioned in part by defendant's own conduct in not fulfilling the condition of his suspended sentence and in not disclosing his whereabouts. To allow defendant, when discovered, to prevail in his argument that the state no longer has an interest would impair the credibility of the criminal justice system.

Affirmed.